**EVERETT W. JACK, JR., OSB #892684**
everettjack@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
Telephone:  (503) 241-2300
Facsimile:  (503) 778-5299

      Attorneys for Plaintiff
      Allied World Surplus Lines Insurance Company

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ALLIED WORLD SURPLUS LINES INSURANCE COMPANY,**<br><br>               **PLAINTIFF**,<br><br>v.<br><br>**NW BUILDING FORENSICS, LLC, an Oregon limited liability company, ROBERT HARP, an individual, MALCOLM BRENT WILLIAMSON, an individual, and STEPHEN WINSTEAD, an individual**<br><br>             **DEFENDANTS**. | Case No. 3:19-cv-01001<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

      Allied World Surplus Lines Insurance Company, for its Complaint against Defendants NW BUILDING FORENSICS, LLC, ROBERT HARP, MALCOLM BRENT WILLIAMSON, and STEPHEN WINSTEAD alleges as follows:

Page 1 – COMPLAINT FOR DECLARATORY RELIEF

4822-4012-9434v.3 0113563-000002

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

## I.     NATURE OF ACTION

Allied World Surplus Lines Insurance Company ("Allied World") seeks a declaration that it does not have any obligation under a policy of insurance issued to NW Building Forensics, LLC to defend or pay loss on behalf of Defendants' with respect to an arbitration claim filed against Defendants' before the American Arbitration Association.

## II.     PARTIES

1. Allied World is an Arkansas corporation with its principal place of business in the State of New York.

2. Upon information and belief, NW Building Forensics, LLC[1] is an Oregon limited liability company with its principal place of business in Tigard, Oregon.

3. Upon information and belief, Robert William Harp ("Harp") is an individual, a resident of Oregon, and a principal of NWBF.

4. Upon information and belief, Malcolm Brent Williamson ("Williamson") is an individual, a resident of Oregon, and a principal of NWBF.

5. Upon information and belief, Stephen Winstead ("Winstead") is an individual, a resident of Oregon, and a principal of NWBF.

## III.     JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is diversity of citizenship between Allied World and NWBF, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

---

[1] Defendants NW Building Forensics, LLC, Harp, Williamson, and Winstead will be collectively referred to as "NWBF."

Page 2 – COMPLAINT FOR DECLARATORY RELIEF

4822-4012-9434v.3 0113563-000002

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

7. Venue is proper in this Court under 28 U.S.C. § 1391 and LR 3(e)(1) because NWBF resides in this district, the policy was issued in this district, insurance premiums were paid by NWBF in this district, and a substantial number of the events giving rise to the issues presented herein occurred in this district.

8. This Court has the authority to determine the parties' respective rights and other legal obligations pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. The dispute between the parties with respect to the coverage available to NWBF related to the underlying arbitration demand creates a justiciable controversy.

## IV. FACTS

### A. The Underlying Arbitration

9. The insurance coverage issues in this case arise out of an arbitration demand filed on May 13, 2019, by the Eagle Ridge Townhomes Owners' Association ("Eagle Ridge") against NWBF, before the American Arbitration Association ("Underlying Arbitration").

10. The claims against NWBF in the Underlying Arbitration arise out of alleged deficiencies in work by NWBF in the repair and rehabilitation of previously identified construction defects at the Eagle Ridge townhomes ("Townhomes"), a development comprised of 111 homes located throughout 29 buildings in Beaverton, Oregon.

11. Eagle Ridge's Claimant's Statement of Claim ("Claim Statement"), attached hereto as Exhibit 1, in the Underlying Arbitration alleges:

    a. Between 2011 and 2012, Townhome owners began observing and experiencing water intrusion through foundation, floors, siding, walls, doors, windows, and roofs, causing extensive property damage.

Page 3 – COMPLAINT FOR DECLARATORY RELIEF

4822-4012-9434v.3 0113563-000002

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

   b. After Eagle Ridge resolved its construction defect claims against the developer of the Townhomes, it searched for an expert "to assist Eagle Ridge during the entire process relating to the extensive remediation of the defective construction work."

   c. In the spring of 2015, NWBF agreed to appraise the Townhomes to prepare a building envelope rehabilitation consulting services proposal.

   d. On August 24, 2015, NWBF delivered the Building Envelope Rehabilitation Consulting Services Proposal (the "Proposal") to Eagle Ridge outlining the services and options for the repairs and remediation necessary at the Townhomes (the "Project").

   e. The Proposal identified Harp as principal of NWBF and the Lead Project Manager who would oversee all aspects of the project and provide construction management and professional services including:

- Providing pre-construction and mobilization oversight during the startup phase of the Project;
- Assisting contractors during the bidding process for the Project;
- Reviewing contractor bids for completeness;
- Assisting Eagle Ridge in selecting a qualified contractor to undertake the Project;
- Negotiating contractor pricing;
- Providing efficient construction management and oversight;
- Providing pre-design consulting services;
- Establishing preliminary repair protocols;

Page 4 – COMPLAINT FOR DECLARATORY RELIEF

4822-4012-9434v.3 0113563-000002

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

- Developing scope of repair documents with other Respondents, including preparing associated exhibits; and

- Providing field inspections and photo documentation throughout the Project.

f. The Proposal identified Williamson as principal of NWBF and stated that he would be responsible for professional and construction management services, including but not limited to:

- Assisting in the waterproofing details of the Project;

- Recommending materials to be used during the Project;

- Providing field inspection and photo documentation during the Project;

- Providing contract administration and assisting with pay app review; and;

- Ensuring code compliance.

g. The Proposal identified Winstead as a principal of NWBF and the Project Architect, whose responsibilities would include:

- Providing drawings and other documents for estimation purposes;

- Providing field inspections and photo documentation;

- Assisting contractors with preparation of building permit submittals;

- Providing status updates to Eagle Ridge; and

- Engaging in Q&A with Eagle Ridge during status update meetings.

h. On or around January 17, 2016, Eagle Ridge and NWBF entered into an AIA Form Contract ("Contract") that covered four separate construction phases for

Page 5 – COMPLAINT FOR DECLARATORY RELIEF

4822-4012-9434v.3 0113563-000002

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon 97201-5610
(503) 241-2300 main · (503) 778-5299 fax

      the Project, each phase laid out by NWBF in the Proposal.  None of these phases identified either expressly or impliedly that NWBF would provide services as an expert witness in any pending or future litigation or dispute.

i. Relying on NWBF's recommendation, Eagle Ridge entered into a contract with Pacific NW Construction Solutions LLC dba Lifetime Exteriors for the necessary remediation work, work which NWBF was to direct.

j. On Eagle Ridge's information and belief, NWBF deficiently provided one or more of the following services at the Townhomes:

- Appraising construction defects;
- Recommending materials to be used during the rehabilitation;
- Preparing an adequate scope of repair to be used in the Project;
- Negotiating contractor pricing;
- Recommending contractors;
- Providing contract administration and related services;
- Ensuring proper execution of construction schedules;
- Performing adequate inspections;
- Managing and overseeing work during and after completion;
- Determining the levels of oversight required by the scope of repair;
- Ensuring code compliance during the Project; and
- Providing Project status updates to Eagle Ridge.

k. As a result of NWBF's deficient performance of services under the Contract, there was defective construction in the remediation process at the Project and

Page 6 – COMPLAINT FOR DECLARATORY RELIEF

4822-4012-9434v.3 0113563-000002

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

Eagle Ridge was "overcharged by $1,224,432.60 for an unfinished Project," expects to incur $750,000 in costs to correct NWBF's deficient performance under the Contract, expects to hire a new expert witness for $100,000, and a new construction management consultant for $100,000.

l.  The Claim Statement alleges four (4) claims for relief against NWBF: 1. Breach of Contract – Professional Services; 2. Negligence – Expert Services; 3. Breach of Contract – Construction Management Services; and 4. Negligence – Construction Management Services.  Each of these claims allege NWBF's failure to perform the services specified under the Contract, caused the damages alleged therein.

m.  In total, Eagle Ridge seeks $2,290,007.60 plus prejudgment interest, and attorneys' fees and costs.

B.  **The Allied World Policy**

12.  Allied World issued NWBF a claims-made and reported Professional Liability Policy 0305-9060, policy period September 2, 2017 to September 2, 2018 ("Policy"), providing coverage to NWBF for the "Insured's Profession: Expert Witness (Non-Medical)."

13.  The Policy states, in relevant part:

> The **Insurer** will pay on behalf of the **Insured**, **Loss** and **Defense Expenses** in excess of the applicable Retention from any **Claim** first made against the **Insured** and reported to the **Insurer** during the **Policy Period** or any applicable Extended Reporting Period, for a **Professional Services Wrongful Act** committed on or after the applicable **Retroactive Date** and before the end of the **Policy Period**.
>
> As part of, and subject to, the Limits of Liability set forth in ITEMS 3(a) and 3(b) of the Declarations and Condition V(D)(2), the **Insurer** has the right and duty to defend any **Claim** for a

Page 7 – COMPLAINT FOR DECLARATORY RELIEF

4822-4012-9434v.3 0113563-000002

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

**Professional Services Wrongful Act** which is covered in whole or in part under the Policy, even if such **Claim** is groundless, false or fraudulent.

14. Policy Section III.C. defines **Claim,** in relevant part, as "any arbitration proceeding."

15. Policy Section III.N. defines **Loss**, in relevant part as:

". . . damages, pre-judgment interest, post-judgment interest, judgments, settlements, punitive, exemplary or multiplied damages where insurable under applicable law, or other amounts that an Insured is legally obligated to pay as a result of a claim . . .

**Loss** shall not include:

(4) the return of fees or other compensation paid to the **Insured**;
(5) the cost of correcting, re-performing or completing any **Professional Services**; . .

16. Policy Section III.R. defines **Professional Services,** in relevant part, as services performed by an **Insured** for others:

(1) in the usual and customary conduct of the Profession set forth in ITEM 5 of the Declarations for a fee or other business consideration inuring to the benefit of the **Named Insured** or any **Subsidiary**;...

17. ITEM 5 of the Declarations describes the Insured's profession as:

Expert Witness (Non-Medical)

18. Policy Section III.S. defines **Professional Services Wrongful Act** as any actual or alleged:

(1) Negligent act, error, omission, misstatement, misleading statement, neglect or breach of duty; or

(2) **Personal Injury**;

Page 8 – COMPLAINT FOR DECLARATORY RELIEF

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

by an **Insured**, in the performance of or failure to perform **Professional Services**.

19. The Policy provides by Exclusion A(7) that the Policy does not provide coverage for any Claim "for any actual or alleged liability under any express contract or agreement, unless such liability would have attached in the absence of such contract or agreement. For purposes of this EXCLUSION (A)(7), an "express contract or agreement" is an actual agreement among the contracting parties, the terms of which are openly stated in distinct or explicit language, either orally or in writing, at the time of its making; . . "

20. The Policy provides by Exclusion B(10), in relevant part, that the Policy does not provide coverage for any Claim for "any actual or alleged bodily injury, sickness, mental anguish, emotional distress, disease or death of any person, or damage to or destruction of any tangible property including loss of use thereof; provided however, . . . this EXCLUSION (B)(10) shall not apply to: (a) a **Claim** for such injury or damages if such injury or damage resulted solely and directly from the actual performance of **Professional Services** . . . "

C. **Tender of Claim by NWBF**

21. NWBF tendered the claim by Eagle Ridge four (4) different times, the most recent being the Claim Statement, which was tendered on May 13, 2019. Each of Eagle Ridge's four (4) different written demands to NWBF changed the description of its engagement of NWBF, following Allied World's issuance of a coverage denial letter to NWBF with respect to the previous demand. Allied World did not provide to Eagle Ridge any of the coverage denial letters issued to NWBF. On information and belief, NWBF advised Eagle Ridge of the basis for Allied World's denial, and the revised demand was generated to address the basis of Allied World's denial of the previous demand. The Claim Statement was the fourth written demand, but the first

Page 9 – COMPLAINT FOR DECLARATORY RELIEF

4822-4012-9434v.3 0113563-000002

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

time Eagle Ridge used the term "expert witness" anywhere in a written demand. Regardless, all of the written demands sought damages from deficiencies in NWBF's construction management work under the Contract, and Allied World denied coverage under the Policy. .

22.     On information and belief, NWBF was not retained by an attorney to provide testimony as an expert witness for or on behalf of Eagle Ridge.

23.     Neither the Proposal nor the Contract incorporated into the Claim Statement expressly or impliedly provide that NWBF will provide services as an expert witness for Eagle Ridge in any proceeding or dispute. For this reason there is no coverage under the Policy.

24.     The Claim Statement does not allege that Eagle Ridge suffered damages as a result of deficient services by NWBF as an expert witness for or on behalf of Eagle Ridge. For this reason there is no coverage under the Policy.

25.     The damages alleged by the Claim Statement purport to arise out of NWBF's work as a construction manager in connection with the repairs and remediation on the Project. For these reasons there is no coverage provided under the Policy.

26.     The Claim Statement does not seek any damages against NWBF that would arise in the absence of the alleged Contract, and for that reason no coverage is provided under the Policy.

27.     On June 19, 2019, Allied World denied the Policy provided coverage to NWBF for the allegations of the Claim Statement.

## V.     CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
**(Declaratory Judgment – No Duty to Defend)**

28.     Allied World incorporates by reference the allegations of paragraphs 1-27 above.

Page 10 – COMPLAINT FOR DECLARATORY RELIEF

4822-4012-9434v.3 0113563-000002

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

29. There is an actual controversy between Allied World and NWBF with respect to whether there is coverage to NWBF under the Policy for the Underlying Arbitration.

30. Allied World seeks a judicial declaration that, based on the terms, conditions, limitations, and exclusions of the Policy, there is no duty to defend NWBF in the Underlying Arbitration.

## SECOND CLAIM FOR RELIEF
**(Declaratory Judgment – No Duty to Pay Loss)**

31. Allied World incorporates by reference its allegations in paragraphs 1-30 above.

32. There is an actual controversy between Allied World and NWBF with respect to whether there is coverage to NWBF under the Policy for the Underlying Arbitration.

33. Allied World seeks a judicial declaration that based on the terms, conditions, limitations, and exclusions of the Policy, there is no duty to indemnify NWBF for any of the damages alleged in the Underlying Arbitration.

## VI.   REQUEST FOR RELIEF

Allied World respectfully requests the following relief:

1. On its First Claim for Relief, for a declaration that Allied World has no duty to defend NWBF in the Underlying Arbitration;

2. On its Second Claim for Relief, for a declaration that Allied World has no duty to indemnify NWBF in the Underlying Arbitration;

3. For Allied World's costs and disbursements that are recoverable by law; and

4. Such other relief as the Court finds just and appropriate.

/ / / / /

Page 11 – COMPLAINT FOR DECLARATORY RELIEF

4822-4012-9434v.3 0113563-000002

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax

DATED this 26th day of June, 2019.

**DAVIS WRIGHT TREMAINE LLP**

By  *s/ Everett W. Jack, Jr.*
      Everett W. Jack, Jr., OSB #892684
      1300 SW 5th Avenue, Suite 2400
      Portland, Oregon 97201
      Telephone: (503) 241-2300
      Facsimile: (503) 778-5299
      everettjack@dwt.com

      Attorneys for Plaintiff
      Allied World Surplus Lines Insurance Company

Page 12 – COMPLAINT FOR DECLARATORY RELIEF

4822-4012-9434v.3 0113563-000002

DAVIS WRIGHT TREMAINE LLP
1300 S.W. Fifth Avenue, Suite 2400
Portland, Oregon  97201-5610
(503) 241-2300 main · (503) 778-5299 fax